[Civil No. 1481. Filed December 22, 1915.]

[153 Pac. 771.]

## FRANK HEISLER, Appellant, v. ROBERT ROBBINS, Appellee.

MUNICIPAL CORPORATIONS — OFFICERS — MANNER OF SELECTION —"APPOINT"—"APPOINTMENT"—"ELECTED."—Prescott City Charter (Laws 1883, No. 37), article 2, section 5, provides that the mayor and common council shall have power by ordinance to create the office of chief of police, and shall appoint officers for such office. Section 10 provides that the marshal of the village is thereby appointed and constituted chief of police to hold office until his successor is duly elected and qualified. An ordinance provided for the election of the chief of police by popular vote at the general municipal election. A subsequent ordinance repealed the earlier ordinance, and required the office of chief of police to be filled by appointment, and the appointment to be made at the second meeting of the mayor and common council after the municipal election. *Held*, that this last ordinance was within the powers conferred on the mayor and common council by the charter and was valid, since "appoint" means to allot, set apart or designate, or authoritatively assign; "appointment" means the designation of a person to discharge the duties of some office or trust, election, choice or selection, or the selection of one person from a specified class to discharge certain duties, while "elected" in section 10 means selected in the manner provided by law, and the mayor and common council were given authority to select and designate

the person to discharge the duties of chief of police, and, assuming that they had a discretion as to whether such office should be filled by election or appointment, the exercise of such discretion did not prevent them from subsequently exercising their power in favor of the other method.

[As to appointment or election of officer, see note in 63 **Am. St. Rep.** 190.]

APPEAL from a judgment of the Superior Court of the County of Yavapai. Frank O. Smith, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant commenced this action by filing his petition in *quo warranto* against the appellee to try the appellee's title to the office of chief of police of the city of Prescott. Appellant bases his title to the office upon his election thereto at the general municipal election held on the first Tuesday in January, 1913, under the authority of Ordinance No. 8 of said city. Said ordinance ordains that the office of chief of police, and other named city officers, should be filled by election thereto by the qualified electors of the city at the general municipal election. Ordinance No. 8 became effective on the 14th day of December, 1885. The appellant upon his election January, 1913, qualified, and was duly commissioned, and performed the duties of the office, receiving the salary, all without question until the appointment of the appellee by the common council to the office of chief of police, on February 1, 1915. On that date the appellee was appointed to the office of chief of police, by the common council, under the authority of Ordinance No. 210. This ordinance purported to become effective on September 15, 1914. It ordains, among other things, that the chief of police shall hold office for one year from and after the date of appointment, or until his successor is appointed and qualified. This ordinance requires the office of chief of police to be filled by appointment, and such appointment is required to be made in open session at the second meeting of the mayor and common council, after the general municipal election held on the first Tuesday of January of each year. A general municipal election was held in Prescott on the first Tuesday of January, 1915. At such election no chief of police was voted for or elected thereat. The appellant claims the right to hold the office under Ordi-

nance No. 8 until his successor is duly elected, and the appel-lee claims the office under authority of his appointment made under Ordinance No. 210. The facts are not controverted.

Upon a hearing the trial court rendered judgment in favor of the defendant-appellee confirming his right to the said office under his appointment thereto on February 1, 1915. From which judgment, and from an order refusing a new trial, the appellant-petitioner appeals.

Mr. E. S. Clark and Mr. Robert E. Morrison, for Appellant.

Messrs. Norris & Mitchell, for Appellee.

CUNNINGHAM, J.—The controversy here presented is whether the city council acted within its constitutional char-ter powers in enacting Ordinance No. 210 providing for the appointment of the chief of police of the city of Prescott by the mayor and common council of that city. Ordinance No. 210, effective on September 14, 1914, provides for the ap-pointment of that officer by the mayor and common council as the exclusive method of filling the office and repeals all ordinances in conflict therewith. Until Ordinance No. 210 became operative, Ordinance No. 8 provided for the election by popular vote, at the general municipal election, of the chief of police. The question whether the city legislative authorities acted within their powers while providing for the election of the chief of police at the general municipal elec-tion as ordained in said Ordinance No. 8 is immaterial if the said authorities likewise acted within their delegated powers when they enacted Ordinance No. 210, providing for the ap-pointment of the chief of police and repealing the ordinance providing for the election of the chief of police by popular vote. Everyone will readily concede that the power to enact includes the power to repeal conflicting ordinances.

The special charter of Prescott (Act No. 37, page 66, Laws of 1883, section 5, article 2) confers upon the city authorities all the power they possess in this respect. Said section is as follows:

"The mayor and common council shall have the further power, by ordinance, to create the offices of . . . a chief of police, . . . and such other officers as they may deem proper,

and shall appoint officers for such offices, whose duties . . .
shall be prescribed by the common council, not inconsistent
with this act.''

The words ''shall appoint'' have reference to the duties of
the mayor and common council. The word ''appoint'' is de-
fined in Century Dictionary as: ''To allot, set apart, or desig-
nate, nominate or authoritatively assign.''

Bouvier's Law Dictionary: *''Appointment.* The designa-
tion of a person, by the person or persons having authority
therefor, to discharge the duties of some office or trust; elec-
tion; choice; selection. The selection of one person from a
specified class to discharge certain duties in a state, corpora-
tion, or society.''

Clearly, the mayor and common council are the persons
given authority to select and designate the person to discharge
the duties of the office of chief of police. No other fair mean-
ing can be given the language of the statute in question.

The power to select the chief of police is conferred upon
the mayor and common council of the city of Prescott after
the office is created. The charter provision commands the
mayor and common council to create the office of chief of
police by ordinance, and provides that the mayor and common
council ''shall appoint'' the officer. By the enactment of
Ordinance No. 210, providing for the appointment of the
chief of police by the mayor and common council, they were
acting within the powers conferred by the charter.

Appellant contends that section 10 of article 2 of said spe-
cial charter requires the chief of police to be elected by popu-
lar vote. Said section 10 is as follows:

''The marshal of the said village is hereby appointed and
constituted chief of police of the said city of Prescott, to hold
office until his successor is duly elected and qualified.''

Appellant contends that said section 10 is authority for
construing the word ''appoint'' in said section 5, *supra,* as
meaning ''elect by a popular vote,'' and much evidence was
introduced at the trial tending to show that the city officers
so construed the charter provisions. Certainly said section 10
permitted the first chief of police appointed by the legislature
to hold said office ''until his successor is duly elected and quali-
fied.'' The word ''elected,'' as used in that section, means:

until his successor is selected in the manner provided by law. *State* v. *Daggett*, 28 Wash. 1, 68 Pac. 340.

Conceding for the purposes of this case that the special charter provisions conferred upon the city legislative authorities the power to use their discretion as to the method to be used in filling the office of chief of police, either by election by the people at the general municipal election or by appointment or election by the mayor and common council, the exercise of that discretion by the city legislative body in favor of one of such methods would not prevent the city authorities from again exercising the power in favor of the other method at a later date. This they did by enacting Ordinance No. 210, and by repealing all ordinances in conflict with its terms.

The appellant held the office until his successor was selected in the manner provided by law, viz., as provided by Ordinance No. 210, a valid ordinance. The appellee's title to the office is based upon his appointment by the mayor and common council as provided by said Ordinance No. 210. The judgment of the lower court, in effect, so holds, and it is therefore affirmed.

Affirmed.

ROSS, C. J., and FRANKLIN, J., concur.